IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EAGLE AIR MED CORPORATION; and VALLEY MED FLIGHT, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> SENTINEL AIR MEDICAL ALLIANCE, LLC, and JEFFREY FRAZIER, <br><br> Defendants. | **ORDER<br>AND<br>MEMORANDUM DECISION** <br><br><br> Case No. 2:16-cv-176-TC-EJF |

Plaintiffs Eagle Air Med Corporation (Eagle) and Valley Med Flight, Inc. (Valley) (collectively "Plaintiffs") operate air ambulance services. According to the Plaintiffs, Defendants Sentinel Air Medical Alliance, LLC, and Jeffrey Frazier, who review bills submitted by medical air transport companies to health care insurers, injured Eagle when they recommended that insurers pay only some, or none, of the Plaintiffs' bills. Those statements, according to Plaintiffs, were defamatory.

The Defendants have filed a motion for partial judgment on the pleadings asking the court to dismiss claims for general and presumed damages associated with the Plaintiffs's defamation cause of action[1] because the allegations do not support an award of such damages. For the reasons set forth below, the motion is denied.

---

[1] Plaintiffs also bring claims for false light and tortious interference with existing contractual and prospective economic relations. These claims are not at issue in the motion.

**STANDARD OF REVIEW**

Under the Federal Rules of Civil Procedure, a Rule 12(c) motion for judgment on the pleadings is reviewed under the standard applicable to Rule 12(b)(6) motions to dismiss. Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000). The court must accept all well-pleaded factual allegations as true and view them in a light most favorable to the non-movant, while giving no weight to labels and legal conclusions. Sanchez v. United States Dep't of Energy, 870 F.3d 1185, 1199 (10th Cir. 2017). To survive the motion, the Plaintiffs must allege a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if the facts alleged allow the court to reasonably infer that the defendant is liable for the misconduct described in the complaint. Id.

**FACTUAL ALLEGATIONS[2]**

Eagle and Valley, who provide air ambulance services, specialize in emergency care and transport of patients in need of such transportation from small rural area hospitals to larger care facilities in metropolitan areas. They provide care and transport to a patient only after the treating physician has determined that such transport is medically necessary and has summoned Eagle and Valley for that purpose.

Eagle and Valley submit their bills to the patient's insurance company, which then reviews the claim through an insurance adjuster or ERISA[3] plan administrator. In some

---

[2]The court's statement of facts is taken directly from the Plaintiffs' First Amended Complaint (ECF No. 6).

[3]ERISA stands for the Employee Retirement Income Security Act of 1974.

instances, the plan administrator[4] hires a consultant to review the provider's bill and opine on whether the billed services are "Usual, Customary, and Reasonable" (a term of art in ERISA). Defendant Sentinel Air Medical Alliance (Sentinel) provides such consulting services to plan administrators who review air ambulance bills like those submitted by the Plaintiffs.

In this case, Sentinel reviewed a series of Eagle's and Valley's bills and strongly recommended that the plan administrators either not pay the bills or reduce payment significantly because the charges were not reasonable or necessary. According to Eagle and Valley, plan administrators "have failed to pay a total of at least $816,716.38 towards invoices for air transport services rendered by Eagle and Valley on behalf of patients covered by the Plans based on similar determinations and recommendations made by Sentinel and Frazier." (First Am. Compl. ¶ 33.) They allege that the plan administrators' "refusal to pay in full for Eagle's and Valley's services is based upon Sentinel's and Frazier's multiple material misrepresentations of Eagle's and Valley's operational costs and the medical necessity of Eagle's and Valley's services." (Id. ¶ 36.) These representations "falsely stated or implied that Eagle and Valley are dishonest, unethical, and fraudulent in their billing and other business practices." (Id. ¶ 36.)

In their defamation claim, the Plaintiffs allege approximately $689,000 in special damages. (Id. ¶ 82.) But they also claim presumed damages (available under a "defamation per se" theory) and general damages (i.e., "damage to their reputations and loss of goodwill and competitive position in the air ambulance industry as a result of Sentinel's and Frazier's

---

[4]For convenience, the court uses the term "plan administrator" in the more generic sense to mean a health insurance company representative reviewing Plaintiffs' bills, whether the review takes place under an ERISA plan or other type of insurance coverage.

3

defamation statements and implications" (id.).)

The Plaintiffs focus on Sentinel's comments to several plan administrators as well as statements to others in the air ambulance industry, including "patients, hospitals, doctors and other health care providers." (Id. ¶ 85.) They specifically allege the following:

- Defendants accused them of significantly over-billing patients and submitting charges to the insurers that "are among the most egregious in the industry." (Id. ¶ 48.) Allegedly the Defendants grossly understated Plaintiffs' operating costs to the plan administrators, quoting an amount approximately ten times less than the Plaintiffs' actual costs. (Id. ¶ 43.) For example, a plan administrator, who hired the Defendants to determine whether Valley's charges were reasonable, said the Defendants' "'analysis revealed that [Valley's] charges amount to over 560 percent of the Medicare reimbursement rate'" and "'over 500 percent of the cost of providing the service[.]'" (Id. ¶ 32 (emphasis added).) Another plan administrator, similarly citing to a report from the Defendants, determined that Eagle's charges were unreasonable and egregious because they "'represent almost 1100 percent of the Medicare reimbursement rate and almost 1600 percent of the cost of providing the service.'" (Id. ¶ 31 (emphasis added).)

- Defendants falsely represented that the Plaintiffs transport patients when it is not medically necessary, bill for the unnecessary service, and then try to explain the medical necessity of their transports and defend the charges by using "a bunch of smoke" and "a lot of bluster." (Id. ¶ 48.)

- Defendants told plan administrators that the Plaintiffs "'notify the beneficiary and let them know they are on the hook for the [balance], in the hopes they will be scared into

coercing their employer into paying the claim.'" (Id. ¶ 48 (alteration in original).)

* * *

The Defendants argue that above-listed statements are not defamatory, much less defamatory per se (a requirement to obtain presumed damages). In their motion, they ask the court to throw out all of the Plaintiffs' defamation damage claims other than the claim for special damages. They contend that the Plaintiffs are not entitled to presumed damages because none of the statements fall within the narrow "defamation per se" categories. They also assert that the Plaintiffs' pleading of general damages is too conclusory to satisfy the threshold pleading standard set forth in Twombly and Iqbal.

## ANALYSIS

### Defamation Per Se

Typically, the issue of whether defamation per se has been pleaded sufficiently arises only when the plaintiff has not alleged special damages. See, e.g., Baum v. Gillman, 667 P.2d 41, 42 (Utah 1983) ("Inasmuch as the complaint contains no allegations of special damages, in order to state a claim upon which relief can be granted the statements attributed to [the defendant] must constitute defamation *per se*.") Defamation per se is not a separate cause of action. "In a case of defamation per se, presumed damage . . . is a procedural mechanism that relieves a plaintiff of its burden of proving damages as an element of its prima facie case." Westmont Mirador, LLC v. Miller, 362 P.3d 919, 921 (Utah Ct. App. 2014).

The Defendants' motion is unusual because they ask for "dismissal" of the defamation per se claim even though they do not dispute that the Plaintiffs have sufficiently pleaded special damages. In other words, the Plaintiffs' defamation claim survives the motion regardless of the

5

court's ruling.⁵ Nevertheless, the court finds that a ruling is appropriate to clarify the scope of the defamation claim.

In Utah, "[l]ibel is classified per se if it contains defamatory words specifically directed at the person claiming injury, which words must, on their face, and without the aid of intrinsic proof, be unmistakably recognized as injurious." Seegmiller v. KSL, Inc., 626 P.2d 968, 977 n.7 (Utah 1981) (internal quotation marks and citation omitted). The courts have defined four categories of defamation per se.⁶ "Traditionally, statements that are defamation per se have been required to be false and 'allege criminal conduct on the part of the plaintiff or impute the contracting of some loathsome disease, unchaste behavior (on the part of a woman) or <u>conduct which is incongruous with the exercise of a lawful business</u>, trade, profession, or office.'" Jacob v. Bezzant, 212 P.3d 535, 545 (Utah 2009) (quoting Larson v. SYSCO Corp., 767 P.2d 557 (Utah 1989)) (emphasis added).

Eagle and Valley rely on the category of statements regarding conduct that is "incongruous" with the exercise of their business. Under this category, courts focus on whether

---

⁵The Defendants also object to the complaint on the basis that it did not specify a claim for defamation per se. They do not point to any case law requiring a plaintiff to use the term "defamation per se" in order to avoid dismissal under Rule 8 of the Federal Rules of Civil Procedure. Moreover, the complaint does contain words that courts universally use to indicate a category of defamation per se. Eagle and Valley allege that "Sentinel's and Frazier's statements and implications are defamatory because they allege and imply that Eagle's and Valley's services were not necessary, that Eagle and Valley overbilled for those services, and that Eagle and Valley are dishonest, unethical, and fraudulent—<u>conduct which is incongruous with the exercise of a lawful business</u> . . . ." (First Am. Compl. ¶ 78 (emphasis added).) To the extent it was necessary, that language flagged a claim of defamation per se.

⁶The Supreme Court of Utah recognized that the general definition of "libel per se" in Seegmiller is further defined by the specific categories set forth in its 1989 decision in Larson v. SYSCO Corporation, 767 P.2d 557 (Utah 1987). See Jacob v. Bezzant, 212 P.3d 535, 545 (Utah 2009).

the disparaging words

> affect the plaintiff in some way that is <u>peculiarly harmful</u> to one engaged in [the plaintiff's] trade or profession. Disparagement of a general character, equally discreditable to all persons, is not enough unless the <u>particular quality disparaged</u> is of such a character that it is <u>peculiarly valuable</u> in the plaintiff's business or profession.

Restatement (Second) of Torts § 573 comment (e) (emphasis added), <u>quoted in</u> <u>Proctor & Gamble Co. v. Haugen</u>, 222 F.3d 1262, 1277 (10th Cir. 2000).

Accordingly, the key question is whether the statements would be "peculiarly harmful" to Eagle and Valley in the air ambulance business. At the pleading stage, the simple answer is "yes." As counsel for the Plaintiffs noted at the motion hearing,

> I can't think of anything more harmful to someone in our business to tell the payors, the people that pay the bills, that you're overbilling, you're engaged in fraudulent billing practices, they're going to threaten and coerce you, they're transporting people when it's not medically necessary. That is what we do, that is the heart of our business.

(Tr. of Dec. 7, 2017 Hr'g on Mot. for Partial J. on the Pleadings at p. 37 ll. 9–15, ECF No. 161.) Taking the allegations as true and drawing all reasonable inferences in favor of Eagle and Valley, the court finds that the Defendants are not entitled to dismissal of a claim for presumed damages.

**<u>General Damages</u>**

The Defendants do not dispute that the Plaintiffs have alleged special damages. But they question the adequacy of the Plaintiffs' allegations of general damages.

General damages "cover 'loss of reputation, shame, mortification, injury to the feelings and the like and <u>need not be alleged in detail</u> . . . .'" <u>FAA v. Cooper</u>, 566 U.S. 284, 295 (2012) (citing <u>Doe v. Chao</u>, 540 U.S. 614, 625 (2004)) (emphasis added); <u>see also</u> Restatement (Second) of Torts § 621 cmt. a ("At common law <u>general damages</u> have traditionally been

awarded not only for harm to reputation that is proved to have occurred, but <u>also, in the absence of this proof</u>, for harm to reputation <u>that would normally be assumed to flow from</u> a defamatory publication of the nature involved.") (emphasis added).

In Paragraph 82 of the Plaintiffs' First Amended Complaint, they allege that they have suffered "damage to their reputations and loss of goodwill and competitive position in the air ambulance industry as a result of Sentinel's and Frazier's defamation statements and implications." (First Am. Compl. ¶ 82.) The Defendants contend that the statement is too conclusory and is so devoid of concrete facts that the Plaintiffs have not satisfied the plausibility standard set forth in <u>Iqbal</u> and <u>Twombly</u>.

The court disagrees. First, as noted in <u>FAA v. Cooper</u>, the standard for pleading general damages, which include unquantifiable non-economic losses, is very lenient. Second, when the court reads Paragraph 82's general allegation in the context of the complaint's more specific allegations, the plausibility of that statement becomes more apparent. For example, given the plan administrators' strident responses to Plaintiffs' bills (which were made based on the Defendants' representations), it is reasonable to infer that Plaintiffs' reputation in the field—a field that includes those whose opinions directly affect the Plaintiffs' livelihood (i.e., plan administrators and treating physicians)—was harmed as a consequence of the Defendants' statements. In short, taking Plaintiffs' complaint as a whole, the court finds that the Defendants are not entitled to dismissal of the Plaintiffs' general damages claim.

**ORDER**

For the reasons set forth above, the Defendants' Motion for Partial Judgment on the Pleadings (ECF No. 105) is DENIED.

DATED this 25th day of January, 2018.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge