# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EAGLE AIR MED CORPORATION, a Utah Corporation, and VALLEY MED FLIGHT INC., a North Dakota Corporation,<br><br>        Plaintiffs<br><br>vs.<br><br>SENTINEL AIR MEDICAL ALLIANCE, a Wyoming Limited Liability Company, JEFFREY FRAZIER, an individual, and DOES 1 through 10,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER MODIFYING THE ORDER GRANTING IN PART MOTION FOR SANCTIONS (ECF NO. 117)**<br><br>Case No. 2:16-cv-00176-TC-EJF<br><br>Judge Tena Campbell<br><br>Magistrate Judge Evelyn Furse |

      The Court suspended its Order (ECF No. 171) Granting in Part Motion for Sanctions (ECF No. 117) to permit Sentinel Air Medical Alliance, LLC and Jeffrey Frazier ("Sentinel") an opportunity to respond to the Motion. (ECF No. 172.) Having now read Sentinel's Opposition and Eagle Air Med Corporation ("Eagle") and Valley Med Flight Inc.'s ("Valley") Reply, the Court converts the Motion for Sanctions into a Motion to Compel and finds good cause to grant the Motion in part pursuant to Fed. R. Civ. P. 37(a).

      Eagle and Valley asked the Court to (1) order Sentinel to submit Mr. Frazier's laptop computers for examination and imaging by a forensic computer expert of Eagle's and Valley's choosing, at Sentinel's expense, so that Eagle and Valley can ensure that all relevant information and documents have been produced, (2) award Eagle and

1

Valley their reasonable attorney fees and costs incurred while attempting to obtain the information and documents at issue, and (3) enlarge the time for fact discovery so that Mr. Frazier's laptops can be thoroughly examined, any information and documents obtained can be properly reviewed, and any necessary additional discovery completed. (Mot. for Sanctions at 2, ECF No. 117.)  The Court interprets this request as one for inspection, which is available as a remedy for evasive or incomplete answers or responses to discovery.  Fed. R. Civ. P. 37(a).  Eagle and Valley essentially ask the Court to order Sentinel to produce Mr. Frazier's laptops for inspection because Sentinel's responses have been incomplete and evasive.  "Under [the discovery] rules, the presumption is that the responding party must bear the expense of complying with discovery requests."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978).  Thus, an order requiring production for inspection leaving the cost of that inspection with the responding party would leave the burden where it generally falls.  Under Federal Rule of Civil Procedure 37(a), a party may move to compel discovery when a party provides an evasive or incomplete answer or response to discovery.

Sentinel began this litigation saying it does not keep any records of letters sent to clients and claiming the database on which it relied to provide advice had fallen victim to hard-drive failure and was no longer in use.  (Feb. 21, 2017 Letter from Bell to Hunt, Covington, & Wertheimer, ECF No. 118-12; Answer to Interrog. Nos. 1, 2, 18, 20. RFP 4, 14 & 16, ECF Nos. 118-9.)  These statements forced Eagle and Valley to subpoena non-parties to gather documents to support their case, as the statements made and the basis for those statements form the heart of this defamation case.  Thus Eagle and

2

Valley had to go to extra expense and effort to obtain relevant, responsive, proportional documents.

In May 2017, Mr. Frazier admitted in his deposition that he recreated the database almost immediately and chose not to produce documents because, in short, he did not think Eagle and Valley deserved to have the information. (Frazier Dep. 128:15-136:9, ECF No. 118-14.) Then on February 1, 2018, in Sentinel's 30(b)(6) deposition, Mr. Frazier admitted to keeping between twenty and thirty percent of the claim review letters he issued. (30(b)(6) Dep., ECF No. 185-2 at 6:9-12.)

Sentinel's discovery responses, meet and confer letters, and depositions leave the reader with no other conclusion but that it intentionally attempted to avoid production of relevant, responsive, proportional discovery in this case. Sentinel claims to have produced all requested information without a motion to compel. (Defs.' Opp'n to Pls.' Mot. for Sanctions 7, ECF No. 174.) Given performance to date, Eagle and Valley do not trust Sentinel's representations and now request Sentinel produce Mr. Frazier's laptop computers for inspection by a forensic expert. The course of conduct in this case and the history of Mr. Frazier's computers make an independent forensic examination of Mr. Frazier's laptop computers in his possession, custody, or control at Sentinel's expense necessary and proportional.

The Court ORDERS Sentinel to submit Mr. Frazier's laptop computers for examination as follows:

1. An independent third party computer expert shall be appointed by the Court and shall mirror image Mr. Frazier's laptops.

2. The parties have until December 14, 2018, to meet and confer regarding their designation of an independent computer expert. If the parties cannot agree on an independent computer expert, each party shall submit its recommendation for an independent expert to the Court, and the Court shall select the expert.

3. The appointed independent computer expert shall serve as an Officer of the Court. Thus, to the extent that this computer expert has direct or indirect access to information protected by attorney-client privilege, such disclosure will not result in any waiver of Sentinel's privilege.

4. The expert shall mirror image Mr. Frazier's laptops.

5. Eagle and Valley shall provide a list of search terms to the Court to identify responsive documents to Requests for Production 4, 14, and 16 by December 14, 2018. After Plaintiff has submitted the search terms to the Court, Sentinel shall have 5 days to submit their objections to the Court regarding any of the search terms, which the Court will rule upon. The Court will provide the search terms to the independent expert.

6. Once the expert has mirror imaged the laptops, the expert shall search the mirror image results using the search terms. The results of the search terms will be provided to Sentinel and to the Court, along with an electronic copy of all responsive documents (also to be provided to both Sentinel and the Court). The search should review existing as well as lost, deleted, corrupted, and other difficult to find documents.

7. Sentinel shall review the search term results provided by the Court's expert and identify all responsive documents. Sentinel shall either produce all responsive documents to Eagle and Valley or identify those responsive documents not

produced on a privilege log to Eagle and Valley within 14 days of the date Sentinel receives the search term results from the independent expert.

8. Eagle and Valley shall pay for all fees and costs of hiring the independent expert at this time. However, if at a later time there is evidence of Sentinel's improper withholding of electronic documents prior to engagement of the expert or any other associated improper conduct, the Court will revisit this issue and consider charging Sentinel the fees and costs of the independent expert or apportioning the fees and costs on the parties in an appropriate manner.

9. The independent expert shall provide a signed affidavit detailing the steps taken to mirror image the laptops and search the mirror image for the search terms within 5 days of providing Sentinel and the Court with the results of the search for search terms in the mirror image.

See Bank of Mongolia v. M & P Glob. Fin. Servs., Inc., 258 F.R.D. 514, 520–21 (S.D. Fla. 2009) (imposing a similar process)

The Court further ORDERS Sentinel to pay $3,000 as the reasonable cost Eagle and Valley would have expended in bringing a motion to compel on the issues of the database and review letters. The Court orders that amount under Fed. R. Civ. P. 37(a)(5), and considers Sentinel's arguments on sanctions to suffice for being heard on this award of fees.

Lastly, Eagle and Valley do not seek case terminating sanctions. Nonetheless, the Court notes that failure to comply with discovery orders will likely result in sanctions as set forth in Fed. R. Civ. P. 37(b)(2) and can result in either a dismissal of the case or a grant of default judgment in the action, in whole or in part.

5

DATED this 3rd day of December, 2018.

                          BY THE COURT:

                          _____
                          EVELYN J. FURSE
                          United States Magistrate Judge