# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EAGLE AIR MED CORPORATION, a Utah Corporation, and VALLEY MED FLIGHT INC., a North Dakota Corporation,<br><br>        Plaintiffs<br><br>vs.<br><br>SENTINEL AIR MEDICAL ALLIANCE, a Wyoming Limited Liability Company, JEFFREY FRAZIER, an individual, and DOES 1 through 10,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' CROSS-MOTIONS FOR SANCTIONS AGAINST PLAINTIFFS (ECF NO. 178)**<br><br>Case No. 2:16-cv-00176-TC-EJF<br><br>Judge Tena Campbell<br><br>Magistrate Judge Evelyn Furse |

Defendants Sentinel Air Medical Alliance, LLC and Jeffrey Frazier (collectively "Sentinel") filed a Cross-Motion for Sanctions Against Plaintiffs ("Motion") seeking sanctions for Eagle Air Med Corporation ("Eagle") and Valley Med Flight Inc.'s ("Valley") withholding of documents responsive to its Requests for Production 9 and 10. (Defs.' Cross-Mot. for Sanctions Against Pls. ("Mot."), ECF No. 178.)

      REQUEST NO. 9

      Produce all documents, including financial statements, that show Plaintiffs' operational costs. Included in this request are all documents containing all data relied upon or referred to in preparing all such financial documents, which shall include, without limitation, data relating to aircraft leasing expense, maintenance expense, fuel costs, insurance expense, and all other expense categories that affect Your cost structure.

1

REQUEST NO. 10

Produce all documents, including financial statements, that show Plaintiffs' expenses.

(Def. Sentinel Air Medical Alliance, LLC's 1st Set of Interrogs., Requests for Production of Docs., and Requests for Admission to Plaintiffs 12-13, ECF No. 178-1.) Both of these requests seek documents that show Eagle and Valley's operational costs and expenses.

### A. Base-level Estimates & Company-level Forecasts Prepared for Sale.

Sentinel argues Eagle and Valley should have produced base-level estimates and company-level forecasts created by AMRG for Wells Fargo estimating the costs and expenses for Eagle, Valley, and the five other companies owned by Joe Hunt based on aggregate costs and expenses of all of the bases under these two requests. (Mot. 9, ECF No. 178; Anderson Dep., 11:10-20; 71:19-73:16; 98:19-100:19, ECF No. 178-6; Dorman Dep., 75:1-81:5, ECF No. 186-4.) These forecasts and estimates do not reflect the operational costs and expenses of Eagle and Valley but rather the cost and expenses of all of Mr. Hunt's companies divided between all of the bases in an attempt to estimate base cost and expenses, which the companies did not track. (Anderson Dep., 71:19-73:16, ECF No. 178-6; Dorman Dep., 75:1-81:5, ECF No. 186-4.) Therefore, the base-level estimates and company-level forecasts created for Wells Fargo fall outside the documents requested by either Request Nos. 9 or 10.

### B. Quality of Earnings Reviews

Sentinel also argues Eagle and Valley inappropriately withheld quality of earnings reviews performed by KPMG of all of Mr. Hunt's companies to assist in their sale. (Mot. 9-10, ECF No. 178; Anderson Dep., 109:5-23, 142:25-143:6, ECF No. 178-

2

6; Anderson Dep., 88:17-89:7, ECF No. 188-1.)  To prepare the quality of earnings review, AMRG's CFO provided revenue and expense numbers for all of the entities to KPMG.  (See Anderson Dep., 138:18-139:1 (explaining she provided revenue and expense numbers on Valley to KPMG), 143:20-25 (explaining she would have had to provide "all this information" to the buyer had the buyer done a quality of earnings review), ECF No. 178-6.)  AMRG's CFO is also Eagle and Valley's CFO.  (Anderson Dep., 10:2-11:1.)  Certainly Requests Nos. 9 and 10 call for all of the documentation provided to KPMG regarding Eagle and Valley.  Sentinel does not claim that Eagle and Valley failed to produce those documents.  However, Sentinel does claim Eagle and Valley should have produced the portions of the quality of earnings reviews that pertained to Eagle and Valley.  (Mot. 10, ECF No. 178.)  These documents fall squarely within Request Nos. 9 and 10.

      Eagle and Valley contend they never had these quality of earnings reviews in their possession.  (Pls.' Opp'n to Defs.' Cross-Mot. for Sanctions ("Opp'n") 7, ECF No.186.)  Rule 34, however, requires production of documents not just in a party's possession but also in a party's custody or control.  Fed. R. Civ. P. 34(a)(1).  Courts interpret "control" to include "the right, authority, or ability to obtain the documents." Super Film, Inc. v. UCB Films, Inc., 219 F.R.D. 649, 651 (D. Kan. 2004) (quoting Comeau v. Rupp, 810 F. Supp. 1127, 1166 (D. Kan. 1992)); see also Landry v. Swire Oilfield Svs., L.L.C., 323 F.R.D. 360, 382 (D.N.M. 2018) ("[I]f a person, corporation, or a person's attorney or agent can pick up a telephone and secure the document, that individual or entity controls it.").  Because AMRG's CFO also served as Eagle and Valley's CFO, Eagle and Valley had knowledge that KPMG created these documents.

Further, the sale for which KPMG created these documents included the sale of Eagle and Valley, not just the sale of AMRG. Thus, KPMG created the documents, in part, for their benefit. Further, as noted above, to complete the quality of earnings reviews for Eagle and Valley, KPMG needed to review Eagle and Valley's documents. The Court cannot imagine that Eagle and Valley had no right to request copies of the quality of earnings reviews that pertain to their companies since they were created for their benefit, with their documents, with the assistance of their CFO, at the request of their owner. In fact, Eagle and Valley do not assert they lacked custody or control over these documents. Thus Eagle and Valley should have produced these documents in response to Sentinel's document requests. To the extent Eagle and Valley have any Quality of Earnings reviews pertaining to them that they have not yet produced, the Court ORDERS their production within fourteen (14) days of this Order.

### C. Forecasting Documents

Sentinel also argues Eagle and Valley failed to produce forecasting documents it maintained. (Mot. 10-11, 13, ECF No. 178.) Eagle and Valley contend the high-level forecasts created by AMRG did not constitute budgets but rather an attempt to determine future trends. (Opp'n 10, ECF No. 186.). Eagle, Valley, and AMRG's CFO explained in her deposition, Mr. Hunt

> did not believe in budgeting. . . . [H]e had run a company for a long time without budgets and didn't see that he was missing anything, . . .. So I had to do very high-level forecasting. . .. I'd have to just take financial statements and look at historically what have the costs been growing by category on that financial statement, historically what have the revenues been doing, what have the volumes been doing, and then forecast what do I expect the volumes to do. . . . It was more at a high level just for AMRG.

(Anderson Dep. 55:8-56:21, ECF No. 178-6.). Requests Nos. 9 and 10 do not call for these documents.

4

### D. Other Documents

Sentinel further claims Eagle and Valley still have not produced a number of other relevant documents including: 1) documentation of aircraft lease payments, 2) documentation of management fees, 3) a billing system report showing insurance payments, 4) documentation for a loan to Eagle from Mr. Hunt's father, and 5) tax returns. (Mot. 12-13, ECF No. 178.) The meet and confer documents attached to the Motion show a negotiation between the parties over the document requests, and that negotiation indicates some intention to accept documents showing information at an aggregate rather than the individual receipts and checks for each amount of income or expense. (ECF No. 178-2.) Eagle and Valley contend there has not been a meet and confer on these documents. (Opp'n 8 n.6, ECF No. 186.) However, since the meet and confer process as to these documents is not apparent from the briefing or documentation the Court will not attempt to make a further determination about these documents.

## **CONCLUSION**

The Court denies Sentinel's request for a forensic review because Eagle and Valley's failure to produce rested on the issue of possession, custody, or control, and while the Court disagrees with Eagle and Valley's analysis it does not perceive their efforts as attempts to hide documents. In addition, the Court finds Sentinel's request for attorneys' fees incurred in responding to Eagle and Valley's Motion for Sanctions and taking the deposition of Zandra Anderson unwarranted since Eagle and Valley's Motion is well-taken, and Sentinel would have taken Ms. Anderson's deposition in any event. The Court further declines to award Sentinel the costs of preparing this Motion because

a short form discovery motion would have been less expensive and achieved the same end, more quickly.

DATED this 3rd day of December, 2018.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge