# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EAGLE AIR MED CORPORATION, a Utah corporation; and VALLEY MED FLIGHT INC., a North Dakota corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SENTINEL AIR MEDICAL ALLIANCE, LLC, a Wyoming limited liability company; JEFFREY FRAZIER, an individual; and DOES 1 through 10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' AMENDED MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART MOTION FOR SANCTIONS (ECF NO. 287)**<br><br>Case No. 2:16-cv-00176-TC-EJF<br><br>Judge Tena Campbell<br><br>Magistrate Judge Evelyn J. Furse |

Before the Court is Defendants' Amended Motion for Reconsideration of Order Granting in Part Motion for Sanctions (ECF No. 287). Defendants Sentinel Air Medical Alliance and Jeffrey Frazier (collectively, "Sentinel") seek reconsideration of the Court's December 3, 2018 Memorandum Decision and Modifying the Order Granting in Part Motion for Sanctions (ECF No. 247). In that decision, the Court ordered a forensic examination of Mr. Frazier's computers. (Id.) Sentinel argues that (1) the record does not support a finding that it committed any discovery misconduct, (2) the Court failed to consider the intrusiveness of the forensic imaging of Mr. Frazier's computers, and (3) alternatively, the Court should modify its order to exclude imaging of Mr. Frazier's "Original Dell laptop" because it is in one of four storage locations, and it would be highly burdensome and time consuming for Mr. Frazier to locate the computer. (See

ECF No. 287.) In opposing the Motion for Reconsideration, Eagle Air Med Corporation ("Eagle") and Valley Med Flight Inc. ("Valley") argue that (1) Sentinel's rehashed arguments concerning its discovery misconduct do not warrant reconsideration of the Court's discovery order under the applicable reconsideration standard, (2) its rehashed proportionality arguments do not warrant reconsideration, and (3) Sentinel's "highly burdensome" argument concerning the Dell laptop is meritless since Mr. Frazier has not credibly demonstrated that turnover of that laptop will be unduly burdensome. For the reasons addressed below, the Court DENIES Sentinel's Motion for Reconsideration.

## LEGAL STANDARD

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus a motion to reconsider "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law . . . [but] is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Id. (citation omitted); see also The SCO Grp., Inc. v. Novell, Inc., No. CIV. 2:04CV139DAK, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007) (unpublished) ("A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.").

## DISCUSSION

Sentinel does not address the applicable legal standard for reconsidering a prior order, and its Motion for Reconsideration does not meet the high bar imposed on a

motion for reconsideration.  Sentinel has not demonstrated an intervening change in controlling law, offered new evidence previously unavailable, or demonstrated a clear error which needs to be corrected or manifest injustice which must be prevented.  Instead, Sentinel's Motion for Reconsideration largely repackages arguments made in its prior briefing on Eagle and Valley's sanctions motion, which is not a valid basis for a motion seeking reconsideration of a prior order.  See Servants of Paraclete, 204 F.3d at 1012.

As to Sentinel's argument that the record does not support a finding that it engaged in discovery misconduct, the Court reiterates the following points.  First, despite Sentinel's argument that data concerning other air medical transport providers is "irrelevant" (ECF No. 287 at 5), the Court has found to the contrary in a prior order (ECF No. 166 at 8–11).  Second, the discovery requests at issue are not limited to a single database—they are broad enough to encompass both the "old" and "new" databases.  Moreover, to the extent Sentinel decided not to produce the "new" database, Rule 34 required Sentinel, in objecting to the requests, to "state whether any responsive materials are being withheld," Fed. R. Civ. P. 34(b)(2)(C), which it did not do.  Third, Sentinel allowed this Court to rely on representations that it did not keep records of its review letters without making any attempt to clarify or qualify the representation.  (ECF No. 140 at 37–39.)  Sentinel only attempted to clarify its retention policy after Mr. Frazier admitted during Sentinel's 30(b)(6) deposition that he retains 20-30% of the review letters.

Further, the Court did not fail to consider the intrusiveness of the forensic imaging of Mr. Frazier's computers, as Sentinel argues.  The Court recognized and

3

accounted for confidentiality and privacy concerns by ordering the appointment of an independent forensic expert to serve as an Officer of the Court and oversee the imaging, and by allowing Sentinel to review documents obtained during the search prior to production.

Finally, Sentinel's arguments regarding the burden in turning over the Original Dell laptop are without merit. Eagle and Valley filed this case in 2016 and, according to Sentinel, Mr. Frazier put the Dell in storage in June 2017. Given when Eagle and Valley filed this lawsuit, Mr. Frazier was on notice of his need to retain and likely search the laptop as part of this case. That Mr. Frazier instead stored the laptop and must now find it is a burden of his own making, and does not warrant modification of the Court's prior order.

## **CONCLUSION**

For the foregoing reasons, the Court DENIES Sentinel's Motion for Reconsideration.

DATED this 23rd day of January, 2019.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge