# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EAGLE AIR MED CORPORATION, a Utah corporation; and VALLEY MED FLIGHT INC., a North Dakota corporation,<br><br>                Plaintiffs,<br><br>v.<br><br>SENTINEL AIR MEDICAL ALLIANCE, LLC, a Wyoming limited liability company; JEFFREY FRAZIER, an individual; and DOES 1 through 10,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER (1) DENYING DEFENDANTS' EXPEDITED MOTION TO STAY EFFECT OF THE COURT'S ORDERS REGARDING FORENSIC COMPUTER EXAMINATION PENDING WRIT OF MANDAMUS (ECF NO. 357), AND (2) DENYING DEFENDANTS' EXPEDITED MOTION FOR EXTENSION OF TIME TO COMPLY WITH COMPUTER TURNOVER ORDER (ECF NO. 360)**<br><br>Case No. 2:16-cv-00176-TC-EJF<br><br>Judge Tena Campbell<br><br>Magistrate Judge Evelyn J. Furse |

Before the Court are Defendants Sentinel Air Medical Alliance and Jeffrey Frazier's (collectively, "Sentinel") Expedited Motion to Stay Effect of the Court's Orders Regarding Forensic Computer Examination Pending Writ of Mandamus (ECF No. 357) and Expedited Motion for Extension of Time to Comply With Computer Turnover Order (ECF No. 360). For the reasons addressed below, the Court DENIES both Motions.

**A. Motion to Stay (ECF No. 357)**

Sentinel moves the Court yet again to stay the effect of its Discovery Orders requiring Sentinel to produce Mr. Frazier's laptops for forensic imaging (ECF Nos. 247, 283 & 315). The Court previously stayed the effect of these Orders pending its

1

resolution of Sentinel's Motion for Reconsideration (ECF No. 311) and the District Judge's resolution of Sentinel's Objections to the Discovery Orders (ECF No. 336). The Court found it prudent to stay the effect of the Discovery Orders regarding the forensic imaging of Mr. Frazier's computers while the District Judge resolved Sentinel's Objections, but indicated that if District Judge overruled the Objections, Sentinel must deliver or make available for imaging and inspection the computers that are the subject of the Discovery Orders within five days of the District Judge's Order. (ECF No. 336).

On March 22, 2019, the District Judge overruled Sentinel's Objections to the Discovery Orders (ECF No. 356). Instead of turning over the laptops for forensic imaging, Sentinel moves the Court again to stay the effect of its Discovery Orders because Sentinel claims that it is planning to file a petition for writ of mandamus with the Tenth Circuit. (ECF No. 357). Sentinel argues that "good cause" exists for the stay (id. at 2–3), but as Plaintiffs Eagle Air Med Corporation ("Eagle") and Valley Med Flight Inc.'s ("Valley") point out in their Opposition (ECF No. 359), this is not the applicable standard when a party seeks a stay pending resolution of a writ of mandamus. (ECF No. 359 at 2–3.) Instead, in determining whether to grant a stay pending resolution of a writ of mandamus, the Court considers "(1) the threat of irreparable harm if the stay is not granted; (2) the absence of harm to opposing parties if the stay is granted; (3) any risk of harm to the public interest; and (4) the likelihood of success on appeal." DISH Network Corp. v. Arch Specialty Ins. Co., No. 09-CV-00447-JLK, 2012 WL 2871782, at *1 (D. Colo. July 12, 2012) (unpublished) (citing F.T.C. v. Mainstream Mktg. Servs., Inc., 345 F.3d 850, 852 (10th Cir. 2003); see also United States v. Engstrum, No. 2:08-CR-

430 TS, 2009 WL 2338350, at *1 (D. Utah July 29, 2009) (unpublished) (applying similar standard). None of these factors weighs in favor of a stay.

First, the Court finds it highly unlikely that Sentinel will prevail on its petition for a writ of mandamus. "[A] writ of mandamus is an extraordinary remedy, and is not a substitute for an appeal." United States v. Kemp & Assocs., Inc., 907 F.3d 1264, 1276 (10th Cir. 2018) (internal quotations omitted). The Tenth Circuit indicated that it will "grant a writ only when the district court has acted wholly without jurisdiction or so clearly abused its discretion as to constitute a usurpation of power." Id. (internal quotations omitted). To obtain a writ, the movant must show, at a minimum, (1) "that no other adequate means exist to secure the relief they seek[,] (2) "a clear and indisputable entitlement to that relief[,]" and that (3) intervening "in an ongoing trial court proceeding is appropriate in the interests of justice." Feinberg v. Comm'r, 808 F.3d 813, 815 (10th Cir. 2015) (internal quotation omitted). The Court does not believe that the Tenth Circuit will find that Sentinel has a clear and indisputable right to the writ or that it is appropriate for it to intervene in this case. The Tenth Circuit has held that district courts have "special discretion" in discovery matters, including in imposing discovery sanctions. See Lee v. Max Int'l, LLC, 638 F.3d 1318, 1320 (10th Cir. 2011). Accordingly, the Court does not believe that Sentinel will prevail on its petition for writ of mandamus.

Second, Sentinel will not suffer irreparable harm by turning over Mr. Frazier's laptops to an independent third party examiner for forensic review. Citing John B. v. Goetz, 531 F.3d 448, 457 (6th Cir. 2008), Sentinel complains that turning over the laptops "constitutes an unwarranted invasion of privacy." (ECF No. 357 at 3.) In contrast to Goetz, the Court did not order the forensic review "predominantly for

3

preservation purposes" and the imaging at issue here is far more limited than in that case, which involved over fifty computers containing "confidential state information." See id. at 455, 458–59. Here, the Court found that Sentinel "intentionally attempted to avoid production of relevant, responsive, proportional discovery," and accordingly, found a forensic examination of four of Mr. Frazier's laptops necessary and proportional in this case. (ECF No. 247 at 3; see also ECF No. 283 (identifying four laptops for forensic examination)). Further, in its Order denying Sentinel's Motion for Reconsideration, the Court indicated that it

> recognized and accounted for confidentiality and privacy concerns by ordering the appointment of an independent forensic expert to serve as an Officer of the Court and oversee the imaging, and by allowing Sentinel to review documents obtained during the search prior to production.

(ECF No. 315 at 3–4.) Therefore, the Court does not believe that Sentinel will suffer irreparable harm in the absence of a stay.

Third, the Court agrees with Eagle and Valley that it will suffer harm if the Court continues to stay the effect of its Discovery Orders. Sentinel claims that Eagle and Valley will not be harmed by a stay because it has "located, and [is] producing, a small handful of non-privileged and potentially responsive documents that were located by conducting a search of Defendants' readily accessible computers using the Court's search terms." (ECF No. 357 at 4.) The Court finds Sentinel's recent search of certain computers using its own forensic expert and production of additional documents troubling and believes this conduct provides additional support for its previous conclusion that Sentinel tried to avoid the production of relevant and responsive documents in this case. That responsive documents are only now being produced is highly concerning, and Sentinel's claim, in the letter producing the additional

4

documents, that this review performed by their selected expert "obviate[s] the need to turn over laptops to a court-appointed expert under court order," (Ex. A at 2, ECF No. 357-1), is incorrect. Sentinel cannot attempt to skirt the Court's Discovery Orders calling for an independent review of Mr. Frazier's laptops, performed by an independent expert serving as an Officer of the Court, by conducting its own forensic review with its own expert. The Court agrees with Eagle and Valley that Sentinel's conduct, "including unilaterally engaging in processes the Court ordered be conducted by the Court's appointed expert, raises justifiable concerns that Sentinel has or may at any time take actions that lead to the loss or destruction of evidence remaining on its computers." (See ECF No. 359 at 11.) Thus, the Court finds that Eagle and Valley would suffer harm if the Court stays its Discovery Orders.

Finally, there is no risk of harm to the public interest whether or not the Court stays the effect of its Discovery Orders. Certainly, the public is not served by allowing Sentinel to further delay its discovery obligations and impede resolution of this case. However, the public would not be harmed by a stay either. Therefore, the Court finds that this factor neither favors nor cuts against a stay.

Because none of the applicable factors weigh in favor of staying the Court's Discovery Orders pending Sentinel's petition for a writ of mandamus to the Tenth Circuit—and most of the factors weigh against a stay—the Court DENIES Sentinel's Motion to Stay.

### B. Motion for Extension of Time (ECF No. 360)

Sentinel also moves the Court to extend the time for it to comply with the Court's Order to turn over Mr. Frazier's computers from March 29, 2019 "until at least April 5,

5

2019, and further order that Defendants need not make their computers available for imaging unless and until the Tenth Circuit denies Defendants' mandamus petition." (ECF No. 360 at 5.) Eagle and Valley oppose Sentinel's request for an extension. (ECF No. 362.)

To the extent Sentinel is requesting a stay of the Court's Discovery Orders until the Tenth Circuit decides its petition for a writ of mandamus, the Court rejects that request for the reasons stated above. The Court also rejects Sentinel's request to extend the time to comply with the Court's Discovery Orders until April 5, 2019. Sentinel and its counsel have known for months that a strong possibility existed that it would be required to turn over the laptops five days after the District Judge ruled on its Objections. Sentinel and its counsel should have been prepared for this possibility and had the laptops ready to turn over after receiving the District Judge's Order. Instead of preparing for this likely scenario, Sentinel instead apparently spent the time prior to the District Judge's ruling coordinating a search of certain computers by their own forensic expert, and the time after filing multiple motions to further delay the effect of the Court's Discovery Orders and apparently preparing a petition for a writ of mandamus that is highly unlikely to succeed. The Court finds it troubling that Sentinel is only now "currently traveling to obtain the third laptop from storage." (ECF No. 360 at 4.)

The Court will not sanction any further delays in this case with respect to the forensic imaging of Mr. Frazier's laptops. Accordingly, the Court DENIES Sentinel's Motion for Extension of Time.

As to the arguments concerning the independent forensic expert, the Court is concerned about the independent forensic expert's understanding of its role. It does not

6

work for Eagle and Valley—it works for the Court. While Eagle and Valley are currently paying its bill, Sentinel may also end up paying its bill. Therefore, the Court ORDERS Sentinel, Eagle, Valley, and KLDiscovery to conduct all further communications in writing, copy each other on the communications, and also copy the undersigned on all such communications either at either utdecf_furse@utd.uscourts.gov or 351 South West Temple, Suite 10.2, Salt Lake City, UT 84101.

DATED this 29th day of March, 2019.

BY THE COURT:

/s/ Evelyn J. Furse
Evelyn J. Furse
United States Magistrate Judge